## COLE v. ORLEANS INDUSTRIAL LIFE, HEALTH & ACCIDENT INS. CO.*

### No. 14282.

Court of Appeal of Louisiana. Orleans.
Nov. 28, 1932.

S. C. Hartel, of New Orleans, for appellant.

A. H. Reed, of New Orleans, for appellee.

WESTERFIELD, J.

This is a suit on a policy of industrial accident insurance. Plaintiff, alleging that she had complied with all the terms of the policy, particularly the payment of the premiums, avers that on the 11th day of October, 1931, she suffered accidental injury as the result of which she fractured a rib and was disabled for a period in excess of twenty weeks, the limit of liability under the policy, and that she is entitled to indemnity for that period at the rate of $5 per week, subject to a credit of eight weeks, leaving a, balance due of $60; that payment of this amount was arbitrarily refused by the defendant company; consequently, invoking the penal provisions of Act No. 310 of 1910, she asks double that sum, or $120, plus $50 attorney's fees, or a total of $170.

Defendant, after filing an exception of no cause of action, which was overruled, answered denying liability beyond the eight weeks for which it had made payment.

There was judgment below in favor of plaintiff as prayed for, denying double indemnity, however, and defendant has appealed. Plaintiff has answered the appeal asking for the imposition of the penalties in accordance with Act No. 310 of 1910.

The exception of no cause of action is based upon the fact that there is neither allegation nor proof that external evidence of plaintiff's injury existed for twenty weeks nor for any other period, a condition essential to recovery under the following provi-, sion of the policy sued on:

"Weekly benefits for accident will only be paid for each period of seven consecutive days that the insured is, by reason of. accidental injury, disabled from work of any nature, and *there must be external evidence of such injury for the time paid.*" (Italics ours.)

Plaintiff's physician does say, however, that he found contusions upon plaintiff's back subsequent to the accident, but there is nothing to show how long these contusions lasted.

The contention of counsel for defendant is that, under the language of the policy, no indemnity can be received unless there is external evidence of injury covering the time for which indemnity is demanded. In other words, the policy, it is said, only covers the result of accidents so long as superficial evidence thereof exists. On the other hand, it is said that a policyholder in the defendant company might well be denied indemnity for the most serious consequences of an accident which would endure long after the superficial indications disappeared. We confess that this idea of an accident insurance policy is at variance with what we have generally understood to be covered by such policies, but we are not dealing with generalities. in this case, and we find that the particular policy sued on contains a clause which is susceptible of no other interpretation, since the language is clear and unambiguous, requiring that "there must be external evidence of such injury for the time paid."

The policy is a contract between the insurer and the insured. The question of whether the policy provides for sufficient indemnity is one which should have been determined by the policyholder at the time the policy was taken out.

We know of no principle of public policy opposed to the sort of accident insurance. which this policy provides and see no reason. why individuals may not contract for such insurance.

"All things that are not forbidden by law, may legally become the subject of or the motive for contract. * * *" Rev. Civ. Code, art. 1764.

For the reasons assigned it is ordered, adjudged, and decreed that the judgment appealed from be, and it is, reversed, and it is now ordered that the exception of no cause of action be maintained, and plaintiff's suit dismissed at her cost.

Reversed.

*Rehearing denied December 19, 1932. Certiorari denied by Supreme Court January 30, 1933.